UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAIAH MONTGOMERY,

                      Plaintiff,

          -against-

ORANGE COUNTY (New York), WELLPATH
LLC (formerly known as CORRECT CARE
SOLUTIONS MEDICAL SERVICES PC and/or
NEW YORK CORRECT CARE SOLUTIONS
MEDICAL SERVICES PC), WELLPATH NY LLC,
OLISAEMEKA AKAMNONU, M.D., Individually
and in his Official Capacity, C.O. ANDREW
HANKINS, Shield No. 441, Individually and in his
Official        Capacity,        CORRECTIONS
OFFICERS/PERSONNEL "JOHN DOE" #1-20
Individually and in their Official Capacity (the name
John Doe being fictitious, as the true names are
presently            unknown),        WELLPATH
EMPLOYEES/AGENTS "JOHN DOE" #1-20
Individually and in their Official Capacity (the name
John Doe being fictitious, as the true names are
presently unknown),

                    Defendants.

**COMPLAINT**

**Jury Trial Demanded**

**ECF CASE**

---

Plaintiff ISAIAH MONTGOMERY, by his attorneys, COHEN & FITCH LLP, complaining of the Defendants, respectfully alleges as follows that:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States, and laws of the State of New York, and for medical malpractice against

Defendants ORANGE COUNTY (New York), WELLPATH LLC (formerly known as CORRECT CARE SOLUTIONS MEDICAL SERVICES PC and/or NEW YORK CORRECT CARE SOLUTIONS MEDICAL SERVICES PC), WELLPATH NY LLC, OLISAEMEKA AKAMNONU, M.D., Individually and in his Official Capacity, C.O. ANDREW HANKINS, Shield No. 441, Individually and in his Official Capacity, CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown), WELLPATH EMPLOYEES/AGENTS "JOHN DOE" #1-20, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown).

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367 with respect to Plaintiff's state law claims.

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action on each and every one of his claims for which a jury trial is legally available.

## PARTIES

6.     Plaintiff ISAIAH MONTGOMERY is an African American male, a citizen of the United States, and at all times relevant to the Complaint, was incarcerated at the Orange County

Jail, 110 Wells Farm Rd., Goshen, NY 10924. Plaintiff currently resides in Clayton, N.C.

7.     At all times relevant herein, Defendant, ORANGE COUNTY (New York)(hereinafter "ORANGE COUNTY"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     At all times relevant herein, Defendant, ORANGE COUNTY, maintains the ORANGE COUNTY SHERIFF'S OFFICE, Corrections Division ("DOC"), a duly authorized public authority and/or correctional department, authorized to perform all functions of a correctional department as per the applicable sections of the New York State Correction Law, acting under the direction and supervision of the aforementioned municipal corporation, ORANGE COUNTY.

9.     At all times relevant herein, the individually named DOC Defendants, C.O. ANDREW HANKINS, Shield No. 441, Individually and in his Official Capacity and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, Individually and in their Official Capacity, were duly sworn corrections officers of said department or other Department of Corrections personnel responsible for the care of inmates and were acting under the supervision of said department and according to their official duties.

10.     At all times relevant herein, Defendant WELLPATH LLC (formerly known as CORRECT CARE SOLUTIONS MEDICAL SERVICES PC and/or NEW YORK CORRECT CARE SOLUTIONS MEDICAL SERVICES PC)(hereinafter "WELLPATH"), was and is a foreign corporation and private business with its principal office located in the State of Tennessee.

11.     At all times relevant herein, Defendant, WELLPATH was and is a foreign limited liability company and private business with its principal office located in the State of Tennessee.

12.     At all times relevant herein, Defendant WELLPATH was a foreign limited liability company and private business doing business in the State of New York as WELLPATH NY.

13.     At all times relevant herein, Defendant WELLPATH NY LLC (hereinafter "WELLPATH NY"), was and is either a domestic corporation and/or a foreign limited liability company and private business with its principal office located in the State of New York, authorized to conduct business in the State of New York, and doing business in the State of New York.

14.     At all times relevant herein, Defendants WELLPATH and/or WELLPATH NY engaged in business in the State of New York and are subject to personal jurisdiction, and have provided health care services on behalf of Defendant ORANGE COUNTY.

15.     At all times relevant herein, Defendant WELLPATH, either directly or through a subsidiary, Defendant WELLPATH NY, contracted with ORANGE COUNTY, either directly or through the Orange County Sheriff's Office/DOC, to provide medical care and treatment for inmates and detainees at Orange County Jail.

16.     At all times relevant herein, WELLPATH NY, either directly or through its parent corporation or parent limited liability company WELLPATH, contracted with Defendant ORANGE COUNTY, either directly or through the Orange County Sheriff's Office/DOC, to provide medical care and treatment for inmates and detainees at Orange County Jail.

17.     At all times relevant herein, Defendants WELLPATH and/or WELLPATH NY were the direct providers of health care and medical services at Orange County Jail.

18.     At all times relevant herein, Defendants WELLPATH and/or WELLPATH NY are named herein in their corporate capacities and as state actors.

19.     At all times relevant herein, Defendant WELLPATH NY was a corporate affiliate of Defendant WELLPATH created to be responsible for the purpose of providing medical care and treatment to inmates and detainees at Orange County Jail.

20.     Medical care providers, employees, and agents (such as Defendants WELLPATH and WELLPATH NY), employed by a government entity are state actors for 42 U.S.C. § 1983 purposes acting under color of law when treating inmates and/or implementing policies and practices regarding the provision of medical care. West v. Atkins, 487 U.S. 42, 54 (1988).

21.     Private managers, executives, owners, directors, board members, and supervisors, (such as WELLPATH and WELLPATH NY) employed to direct the delivery of medical care to inmates are state actors acting under color of law for purposes of § 1983. *Id.*

22.     At all times relevant herein, Defendants WELLPATH and/or WELLPATH NY were and are corporations and/or limited liability companies that have contracted with Defendant ORANGE COUNTY to provide patient care services (medical/health services) to detainees/inmates in the custody of the DOC at Orange County Jail and employ numerous direct patient care providers in correctional health at the Orange County Jail.

23.     At all times relevant herein, Defendants WELLPATH and/or WELLPATH NY employed, supervised, operated, managed, and/or maintained some, or all, of the medical personnel, at Orange County Jail via their contract with Defendant ORANGE COUNTY, and Defendant WELLPATH and/or Defendant WELLPATH NY's employees provided health care and medical services in DOC facilities, including Orange County Jail, on behalf of ORANGE COUNTY pursuant to contract.

24.     At all times relevant herein, each of Defendants WELLPATH and/or WELLPATH NY supervisors, managers, or executives were responsible for the hiring, retaining,

5

training, and supervising of the conduct, customs, policies, and practices of its member employees and agents of WELLPATH and WELLPATH NY including Defendants OLISAEMEKA AKAMNONU, M.D., and WELLPATH EMPLOYEES/AGENTS "JOHN DOE" #1-20.

25.    At all times relevant herein, Defendant WELLPATH NY's executives, directors, supervisors, managers, physicians, and nurses, acted on behalf of WELLPATH. Defendant WELLPATH NY is the alter ego of WELLPATH, and/or alternatively WELLPATH NY acts on behalf of WELLPATH, who has control over WELLPATH NY.

26.    As such, recognition of WELLPATH and/or WELLPATH NY, as separate corporate entities would promote injustice and defeat the rights and equities of persons such as Plaintiff, as it would enable and facilitate the continued unconstitutional conduct, practices, customs and policies, actions, and inactions of WELLPATH and WELLPATH NY that harm this particularly vulnerable, silent and hidden behind jail walls population and discourage abatement of these unconstitutional actions and inactions, as described below, thus continuing to cause harm to sick, ill, and/or injured incarcerated and/or pretrial detainees. Such would result in enabling egregious harm and death of this vulnerable population, such as Plaintiff in Orange County Jail, and other jails, to continue unabated.

27.    Alternatively, Defendant WELLPATH NY and their employees are agents of Defendant WELLPATH, who exercises sufficient control over Defendant WELLPATH NY to establish an agency relationship. Defendant WELLPATH acts through its employees, agents, directors, officers, and is responsible for the acts of its employees, agents, directors, and officers performed within the scope of such agency. Defendant WELLPATH NY was and is acting on behalf of Defendant WELLPATH and was and is an agent of Defendant WELLPATH, and

therefore Defendant WELLPATH is responsible for Defendant WELLPATH NY's conduct as described in this Complaint.

28.     Upon information and belief, Defendant WELLPATH gave Defendant WELLPATH NY authority to act on its behalf and thus Defendant WELLPATH NY was and is Defendant WELLPATH's agent. Each Defendant was, and is, the agent of the other and at all relevant times was acting as the agent and on behalf of the other.

29.     Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, and the departments' employees, agents, servants, employees, associates, doctors nurses, and other medical personnel represented to detainees in DOC facilities, and more particularly, to Plaintiff, that it utilized and employed medical personnel possessing the proper degree of skill and learning necessary to render medical services in accordance with accepted medical practices and that it undertook to use reasonable care and diligence in treatment of patients and specifically, Plaintiff.

30.     Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY and the departments' employees, agents, servants, employees, associates, doctors, nurses, and/or medical personnel were engaged in the practice of medicine.

31.     That at all times hereinafter mentioned, Defendants OLISAEMEKA AKAMNONU, M.D., Individually and in his Official Capacity, and WELLPATH EMPLOYEES/AGENTS "JOHN DOE" #1-20, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) ("Medical Defendants"), were and are physicians, nurses, and/or other medical professionals, duly licensed to practice medicine in the State of New York and as such held themselves out as duly qualified to render proper and adequate medical services to detainees in DOC facilities, including Plaintiff.

32.     At all times hereinafter mentioned, Defendant AKAMNONU and the Medical Defendants, were employees and/or agents of Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY and were acting in the course and scope of their employment by and/or agency with Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY.

33.     At all times hereinafter mentioned, Defendants AKAMNONU, M.D., and the Medical Defendants were acting under color of state law in the course and scope of their duties and functions as employees, agents, and/or servants of Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, and otherwise performed and engaged in conduct incidental to their lawful functions in the course of their duties. They were acting for and on behalf of Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY at all times relevant herein, with the power and authority vested in them as agents and/or employees of ORANGE COUNTY, WELLPATH, and/or WELLPATH NY and incidental to their duties as agents and/or employees of ORANGE COUNTY, WELLPATH, and/or WELLPATH NY. They are sued in their individual and official capacities.

34.     That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York.

35.     Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY.

36.     Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendants ORANGE

8

COUNTY, WELLPATH, and/or WELLPATH NY.

37.     The true and complete names, ranks shield numbers, and/or positions of Defendants CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20 and WELLPATH EMPLOYEES/AGENTS "JOHN DOE" #1-20 are not currently known. However, they were employees and/or agents of ORANGE COUNTY, WELLPATH, and/or WELLPATH NY on the dates relevant to the Complaint herein. Accordingly, they may be entitled to representation in this action by the ORANGE COUNTY Attorney's Office and/or the legal department for WELLPATH and/or WELLPATH NY upon their request, pursuant to New York State General Municipal Law § 50-k. The ORANGE COUNTY Attorney's Office and the legal department for WELLPATH and/or WELLPATH NY, then, is hereby put on notice (a) that Plaintiff intends to name said officers and/or employees as Defendants in an amended pleading once their true and complete name, rank, shield number, and/or position become known and (b) that the ORANGE COUNTY Attorney's Office and/or the legal department for WELLPATH and/or WELLPATH NY should immediately begin preparing their defense(s) in this action.

38.     All of the Individual Defendants' acts and omissions hereafter complained of were carried out intentionally, recklessly, or with malice, and/or gross disregard for Plaintiff.

## FACTS

### The November Incident on the Yard

39.     In or around November 2022, while Plaintiff ISAIAH MONTGOMERY was in the custody of Defendant ORANGE COUNTY in the Orange County Jail, Plaintiff was involved in a verbal altercation with another inmate, whose name, upon information is Arthur Thomas (hereinafter "Inmate Thomas") (upon information and belief, Inmate Thomas was the inmate

who ultimately came to viciously attack Plaintiff on the date complained of in this action), during a basketball game while on the yard.

40.     Specifically, while Plaintiff was playing basketball with several other inmates, he was confronted by Inmate Thomas, who began harassing Plaintiff and making snide comments towards him, and expressing to Plaintiff that he hoped Plaintiff would lose the basketball game.

41.     In response, Plaintiff began to engage Inmate Thomas in a verbal conversation and they exchanged words on the yard. During this exchange, Inmate Thomas threatened to shoot Plaintiff – namely, he stated to Plaintiff, in sum and substance, "If we was in the street, I would have shot you."

42.     This confrontation between Plaintiff and Inmate Thomas, which consisted of Inmate Thomas harassing and menacing Plaintiff, lasted for approximately ten (10) minutes.

43.     However, at the time these threats were made, the corrections officers responsible for guarding Plaintiff, supervising inmates on the yard, and being on notice of any threats made between inmates (including those threats made towards Plaintiff by Inmate Thomas), were not on their assigned posts. Thus, said C.O.s should have been on notice that Plaintiff was being targeted and was at risk of being further assaulted and injured.

44.     Further, upon information and belief, Plaintiff's attacker, Inmate Thomas, had victimized other inmates prior to his attack against Plaintiff, and DOC corrections officers were on notice of his violent proclivities. Nonetheless, Defendants were negligent and/or reckless in failing to protect and safeguard Plaintiff from this harassment and these threats.

*The Violent Attack on Plaintiff on December 1, 2022*

45.     Following this confrontation between Plaintiff and Inmate Thomas in November 2022, during which time Inmate Thomas had threatened Plaintiff's life, Plaintiff was not placed in protective custody nor was a "no contact" placed between Plaintiff and Inmate Thomas.

46.     Subsequently, on or about December 1, 2022, at approximately between 4:30 p.m. and 5:30 p.m., while Plaintiff was in the custody of Defendant ORANGE COUNTY, at the Orange County Jail, in the Unit Bravo 4 (B4) day room/recreation room he was attacked by Inmate Thomas who violently assaulted him and burned him during said assault by pouring a boiling hot cup of water over Plaintiff's face and body, that upon information and belief, had been microwaved for approximately 7-8 minutes.

47.     As a result, Plaintiff's skin began to literally melt off his face and body, as he experienced second-degree burns of his body[1]

48.     In addition, after Inmate Thomas poured scalding water on Plaintiff, said inmate attempted to continue said assault on Plaintiff by throwing punches at Plaintiff's person.

49.     This attack with scalding hot water caused Plaintiff severe injuries and pain, including, but not limited to, severe burns which required medical treatment and hospitalization and may require future surgeries.

50.     Further, at the time of the attack, the C.O. responsible for guarding Plaintiff and the dayroom/rec room, upon information and belief, Defendant HANKINS, was sitting at the officer's desk, approximately five (5) feet from where the incident occurred and had observed Plaintiff's assailant, Inmate Thomas, place said cup of water in said microwave and microwave

---

[1] Plaintiff's medical records categorize these burns as second-degree burns, but plaintiff has been seeking ongoing medical care since the date of his release from custody and is in the process of being re-evaluated to determine whether some of the burns he suffered can be categorized as third-degree burns.

same for 7-8 minutes until the water inside the cup was boiling, but did nothing to intervene to prevent said attack from occurring or prevent said inmate from boiling this cup of water for 7-8 minutes.

51.     In addition, upon information and belief, immediately prior to the attack, Defendant HANKINS observed Plaintiff's assailant, Inmate Thomas, remove said boiling cup of water from the microwave and further observed Plaintiff's assailant aggressively walk towards Plaintiff with same in that Plaintiff's assailant walked directly passed the desk where Defendant HANKINS was stationed. However, Defendant HANKINS did not do anything to prevent this obvious and imminent assault from occurring upon making these observations.

52.     In addition, other corrections officers, Defendants CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, responsible for guarding Plaintiff were not on their assigned posts at the time the assault occurred and were therefore unable to prevent same before it occurred as they were not present when they should have been.

53.     Upon information and belief, Plaintiff's attacker, Inmate Thomas, had victimized other inmates prior to his attack against Plaintiff, including making threats towards Plaintiff, and DOC corrections officers/staff were on notice of his violent proclivities. Notwithstanding, DOC officers/staff were negligent, grossly negligent, and/or reckless in safeguarding Plaintiff from this attack.

54.     After several minutes of enduring this horrific attack, additional DOC officers finally entered the day room and rushed Plaintiff to the clinic, which upon information and belief is operated and staffed by Defendants WELLPATH and/or WELLPATH NY's employees and/or agents (including, but not limited to the Medical Defendants), who are also employees and/or agents of Defendant ORANGE COUNTY.

55.    At the clinic, Plaintiff was seen by Defendant AKAMNONU, M.D., and WELLPATH EMPLOYEES/AGENTS "JOHN DOE" #1-20, who provided extremely minimal treatment for his injuries. In addition, Plaintiff was not immediately transported to a nearby emergency room/hospital for further evaluation of his serious injuries.

56.    Rather, approximately thirty (30) minutes after Plaintiff arrived at the clinic, Defendant AKAMNONU, M.D. cleared Plaintiff to return to his housing unit, and DOC corrections officers escorted Plaintiff from the medical clinic back to his housing unit.

57.    However, after this violent assault, Plaintiff needed more than just minimal medical attention, rather, Plaintiff required immediate medical attention from an emergency room and/or hospital, but was not immediately given same and/or received minimal and/or inadequate medical attention, in that Defendant ORANGE COUNTY's jail's medical provider(s) and agent(s) of the facility, Defendants WELLPATH and/or WELLPATH NY, via their employees and/or agents the Medical Defendants, failed to provide Plaintiff with proper, adequate, and/or timely medical attention and/or failed to adequately diagnose and treat Plaintiff's severe injuries.

58.    As a result, Plaintiff's injuries continued to worsen throughout the night and into the next morning, and Plaintiff continued to be in severe pain as a result.

59.    Eventually, Plaintiff was finally transported to a hospital/outside medical facility for his injuries.

60.    As a result of this incident and/or the lack of adequate and/or timely medical treatment that followed, Plaintiff suffered serious permanent injuries – namely, severe burns, blisters, swelling, and pain, to, *inter alia*, his neck, chin, chest, left arm, left armpit, stomach, and face, as more fully documented in his medical records, as well as emotional distress.

61.    In addition, as a result of the foregoing, Plaintiff is currently receiving continued medical treatment for the above-referenced injuries and will likely need additional surgeries due to the injuries which were caused as a result of both the above-mentioned incident and the minimal and/or lack of adequate and/or timely medical treatment that followed.

62.    As a result, Plaintiff has permanent scarring throughout his body (all over his neck, chin, chest, left arm, left armpit, stomach, and face) that continues to be painful and causes him great discomfort.

63.    Upon information and belief, Inmate Thomas had planned this attack. Specifically, *inter alia*, Inmate Thomas was able to boil a cup of water in the microwave for approximately between seven (7) and eight (8) minutes in full view of Defendant HANKINS, however, neither Defendant HANKINS nor any other DOC officers intervened to prevent this incident from occurring.

64.    The Defendant DOC officers in Orange County Jail either failed to properly supervise these inmates to prevent this from happening and/or were deliberately indifferent to the safety and wellbeing of Plaintiff and the other inmates in the facility.

65.    Defendants were negligent and/or reckless in failing to protect and safeguard Plaintiff from this attack. Specifically, upon information and belief, the attack took place in the presence of Defendant HANKINS when DOC corrections officers, including, but not limited to Defendant HANKINS were on notice or should have been, that Plaintiff was in danger, but either deliberately ignored the inherent and obvious risk of harm to Plaintiff and/or otherwise stood idly by as the assault continued and took no actions to stop it.

66.    Upon information and belief, Defendant ORANGE COUNTY via the DOC, has *inter alia*, policies patterns, and/or practices of failing to properly supervise inmates who have

14

access to kitchen facilities/hot water, including, but not limited to hot pots, microwaves, and/or other potentially dangerous kitchen instrumentalities and/or generally failing to supervise inmates such that they can engage in violent assaults towards other inmates, failing to properly house and/or separate rival gang members, failing to protect inmates from violent assaults, failing to properly secure DOC facilities, failing to maintain proper levels of staffing (i.e. having inadequate staffing) needed to protect inmates from assaults and secure DOC facilities, refusing to provide victim inmates with adequate medical treatment, maintaining a virtually useless system for investigating inmate on inmate assaults, failing to take precautionary measures to prevent inmates who are known to have violent proclivities from engaging in acts of violence towards other inmates, failing to properly house violent inmates, failing to properly search inmates for weapons, being deliberately indifferent to the safety/welfare/well-being of inmates, et al. and/or has a pattern of failing to adequately protect inmates from harm and from serious risk from other inmates.

67.    Upon information and belief, Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants have a pattern of failing to ensure that adequate screening and health assessments are provided following assaults where inmates at Orange County Jail are injured.

68.    Upon information and belief, Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants, have a pattern of failing to develop and implement appropriate medical screening instruments that identify observable and non-observable medical needs, including those following assaults/inmate-on-inmate violence, and ensure timely access to a physician when presenting symptoms require such care.

69.    Upon information and belief, Defendants ORANGE COUNTY, WELLPATH,

15

WELLPATH NY, and/or the Medical Defendants, have a pattern of failing to provide access to health care, ensure inmates have adequate access to health care, ensure that the medical request process for inmates is adequate and provides inmates with adequate access to medical care. This process should include logging, tracking, and timely responses by medical staff.

70.    Upon information and belief, Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants, have a pattern of failing to ensure that treatment and administration of medication to inmates is implemented in accordance with generally accepted professional standards of care.

71.    Upon information and belief, Defendants WELLPATH and WELLPATH NY did not understand the New York health services market well enough to provide quality care to Orange County Jail inmates and detainees.

72.    Upon information and belief, Defendants WELLPATH and WELLPATH NY have been named in over one thousand federal lawsuits regarding inadequate health care provided to prisoners and that some of those prisoners have died.[2]

73.    Directly referencing and implicating the pattern, practice, policy, and/or custom of WELLPATH (and predecessor CCS), the CNN report (*infra* at FN 2) stated, "[i]n a deposition in a South Carolina lawsuit, a CCS medical director …, said in 2014 that the company made it clear that employees who 'run up the tab' wouldn't be around very long. He said there was pressure on him from both the county and CCS to limit emergency room transfers because of the

---

[2] A report issued by the Project on Government Oversight indicated that Defendant WELLPATH's predecessor CORRECT CARE SOLUTIONS MEDICAL SERVICES PC ("CCS"), had been sued in federal court as many as approximately 1,400 times as of September 2019. In addition, in 2019 investigative reports by CNN *(https://www.cnn.com/interactive/2019/06/us/jail-health-care-ccs-invs/ (last accessed 7/5/23))* and The Atlantic *(https://www.theatlantic.com/politics/archive/2019/09/private-equitys-grip-on-jail-health-care/597871/ (last accessed 7/5/23))* detail the denial of medical care, lack of medical care and other serious inadequacies in the level of medical care provided by CCS and WELLPATH in jails (including county jails such as Orange County Jail) throughout the United States.

"severe expense" involved -- regardless of who had to foot the bill."

74.    More specific to Orange County Jail and the actions, inaction, pattern, practice, policy, and/or custom of Defendants ORANGE, WELLPATH, WELLPATH NY, and/or the Medical Defendants at Orange County Jail, Plaintiff incorporates by reference herein a complaint made on February 17, 2022, by Catholic Charities Community Services – Archdiocese of New York, among others, regarding the conditions at Orange County Jail including complaints of "medical neglect, abuse, and retaliatory withholding of care."[3]

75.    As a result of the foregoing, Plaintiff ISAIAH MONTGOMERY suffered and continues to suffer severe and permanent physical injuries, humiliation, and extreme emotional distress.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**
***(As to All Defendants)***

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

46.    All of the aforementioned acts of Defendants, their agents, servants, and employees, were carried out under the color of state law.

47.    All of the aforementioned acts deprived Plaintiff ISAIAH MONTGOMERY of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

---

[3] *See https://www.law.nyu.edu/sites/default/files/OCCF%20Multi-Organization%20DHS%20CRCL%20Complaint%20and%20Index_2%2017%202022.pdf (last accessed 7/5/23)*

48.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as correctional officers and/or medical personnel, with all the actual and/or apparent authority attendant thereto.

49.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers and/or medical personnel, pursuant to the customs, usages, practices, procedures, and the rules of ORANGE COUNTY and DOC, WELLPATH, and/or WELLPATH NY, all under the supervision of ranking officers/supervisors of said departments.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS UNDER 42**
**U.S.C. § 1983**
***(As to Defendants Orange County, Wellpath, Wellpath NY, and the Medical Defendants)***

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

52.     Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants knew that Plaintiff had sustained severe and serious injuries which required treatment for his injuries.

53.     Notwithstanding this knowledge, Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants refused to provide adequate medical treatment in a timely fashion and refused to ensure that Plaintiff received the proper treatment.

60.    In so doing, Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants exhibited a deliberate indifference to the health, safety, welfare, and medical needs of Plaintiff, in violation of his constitutional rights as secured by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

61.    In addition, Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants, were responsible for supervising and training the medical staff who provided treatment to Orange County Jail inmates and detainees and failed to properly supervise and train the medical staff, including the Medical Defendants, regarding the negligent medical treatment provided to Plaintiff as outlined herein.

62.    As a result of the inadequate supervision provided by Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants, plaintiff was deprived of the rights, privileges, and immunities secured by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

63.    As a result of Defendants' ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants' deliberate indifference to Plaintiff's medical needs, Plaintiff suffered severe and permanent injuries.

**THIRD CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S WELFARE & SAFETY UNDER 42**
**U.S.C. § 1983**
*(As to Defendants Orange County and the Individually Named Corrections Officers)*

64.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

65.    Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, had the power to prevent or aid in preventing

19

the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard for Plaintiff's rights failed or refused to do so.

66.     By their deliberate indifference to Plaintiff's welfare and safety, Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of rights enforceable under 42 U.S.C. § 1983 including, without limitation, rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

67.     Defendants HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment with the DOC.

68.     Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C § 1983 and by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

69.     As a proximate cause of the acts of Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, Plaintiff suffered *inter alia*, severe physical injury, medical expenses, and severe mental and emotional anguish in connection with the deprivation of his aforementioned constitutional and statutory rights.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS**
**UNDER 42 U.S.C. § 1983**
*(As to Defendants Orange County and the Individually Named Corrections Officers)*

70.    Plaintiff repeats and re-alleges each and every allegation set forth in the proceeding paragraphs as if set forth fully and at length herein.

71.    As a result of Plaintiff's mandatory incarceration, Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20 created a special relationship under which they had a duty under the Due Process Clause to assume the responsibility for Plaintiff's safety and general well-being.

72.    Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, had the power to prevent or aid in preventing the violent attack on his person, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard for Plaintiff's rights failed or refused to do so.

73.    Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, deprived Plaintiff of his substantive due process rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of rights enforceable under 42 U.S.C. § 1983 including, without limitation, rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

74.    Defendants HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20 acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment with the DOC.

21

75.     Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C § 1983 and by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

76.     As a proximate cause of the acts of Defendants ORANGE COUNTY, HANKINS, and CORRECTIONS OFFICERS/PERSONNEL "JOHN DOE" #1-20, Plaintiff suffered *inter alia*, severe physical injury, medical expenses, and severe mental and emotional anguish in connection with the deprivation of his aforementioned constitutional and statutory rights.

**FIFTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**
*(As to Defendants Orange County, Wellpath, and Wellpath NY)*

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

78.     Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

79.     In addition, the actions, omissions, and decisions made by Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, by and through themselves and/or the Individual Defendants, regarding the provision of comprehensive health care to Orange County inmates and detainees constitute their policies, practices, and/or customs.

80.     The aforementioned customs, policies, usages, practices, procedures, and rules of ORANGE COUNTY and the DOC include, but are not limited to, the following unconstitutional practices:

i.      Failing to prevent or aid in preventing inmates from being the victims of brutal acts of physical violence perpetrated by other inmates;

ii.     Failing to intervene to stop inmates from engaging in brutal acts of physical violence against other inmates once they have begun;

iii.    Refusing to provide victim inmates with medical treatment in order to cover up their own failure to prevent and/or intervene to stop acts of physical violence perpetrated by inmates against other inmates;

iv.     Refusing to provide victim inmates with adequate medical treatment in order to cover up their own failures to prevent and/or intervene to stop acts of physical violence perpetrated by inmates against other inmates;

v.      Propagating and maintaining a virtually useless system for investigating attacks on inmates by other inmates, including but not limited to generating superficial incident reports that are frequently incomplete, misleading, and/or intentionally falsified in order to cover up their own failure to prevent and/or intervene to stop acts of physical violence perpetrated by inmates against other inmates;

vi.     Failing to take precautionary measures to prevent inmates who are known to have violent proclivities and/or who have previously victimized other inmates, from engaging in acts of physical violence towards other inmates;

vii.    Failing to keep the most violent inmates including, but not limited to those who are known to have violent proclivities and/or who have previously victimized other inmates separate from non-violent and/or less violent inmates;

viii.   Failing to properly supervise inmates who have access to kitchen facilities/hot water, including, but not limited to hot pots, microwaves, and/or other potentially dangerous kitchen instrumentalities and/or generally failing to supervise inmates such that they can engage in violent assaults towards other inmates;

ix.     Failing to properly house and/or separate rival gang members and/or adversaries and/or generally failing to properly house violent inmates;

x.      Failing to maintain proper levels of staffing (i.e. having inadequate staffing) and/or procedures needed to protect inmates from assaults and/or to prevent violent confrontations amongst the inmates and properly secure DOC facilities;

xi.     Failing and/or refusing to provide victim inmates with adequate medical treatment;

xii.    Being deliberately indifferent to the safety, welfare, health, and well-being of inmates and otherwise depriving inmates of their constitutional rights;

81.     In addition, the actions and/or omissions of Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, either themselves, or by and through the Medical Defendants in responding and/or providing to the requests and demands for medical attention of Plaintiff were done in accordance with the policy, practice, and custom of Defendants ORANGE, WELLPATH, and/or WELLPATH NY, and that said practice of failing to respond in an adequate manner and in providing inadequate care was so persistent and widespread that it constituted an official policy or custom.

82.     That the policies, practices, and customs of Defendants ORANGE, WELLPATH, and/or WELLPATH NY, who were responsible for the provision of comprehensive health care to Orange County Jail inmates and detainees, were inadequate in that there was a deliberate indifference to their serious medical needs and that Defendants were unconcerned with their welfare.

83.     The aforementioned customs, policies, usages, practices, procedures, and rules of ORANGE COUNTY, WELLPATH, and/or WELLPATH NY include, but are not limited to, the following unconstitutional practices: 1) failing and/or refusing to provide inmates at Orange County Jail, such as Plaintiff, with adequate medical treatment following assaults; 2) failure to respond to serious medical needs; 3) failure to adequately prescribe and/or provide of painkillers when inappropriate, to treat inmates serious medical needs; 4) denial of access to necessary emergency room care; and, 5) denial of access to outpatient care.

84.     Further, the aforementioned policies, practices, and customs of Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY with respect to medical treatment, were in furtherance of the improper motive of reducing costs and/or increasing profits while denying adequate and necessary care to inmates and detainees.

85.     Defendant ORANGE COUNTY was on notice of these policies, practices, and customs of Defendants WELLPATH and/or WELLPATH NY, and failed to take any action to prevent the harm caused to inmates such as Plaintiff.

86.     The foregoing customs, policies, usages, practices, procedures, and rules of ORANGE COUNTY and the DOC, WELLPATH, and/or WELLPATH NY constituted deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff.

87.     The foregoing customs, policies, usages, practices, procedures, and rules of ORANGE COUNTY and the DOC, WELLPATH, and/or WELLPATH NY were the direct and proximate cause of the constitutional violations suffered by the Plaintiff as alleged herein.

88.     The foregoing customs, policies, usages, practices, procedures, and rules of ORANGE COUNTY and the DOC, WELLPATH, and/or WELLPATH NY were the moving force behind the constitutional violations suffered by the Plaintiff as alleged herein.

89.     Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, collectively and individually, while acting under color of state law, were directly and actively involved in violating the Plaintiff's constitutional rights.

90.     Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate corrections officers and/or medical personnel, and were directly responsible for the violation of the Plaintiff's constitutional rights.

91.     The acts complained of deprived the Plaintiff of his right:

   a.     To be free from cruel and unusual punishments;

   b.     To receive timely and adequate medical care;

   c.     To be provided with appropriate safety while in custody;

   d.     Not to have summary punishment imposed upon him; and

   e.     To receive equal protection under the law.

## **PENDANT STATE CLAIMS**

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

93.     On or about January 25, 2023, within (90) days after the claim herein accrued, the Plaintiff duly served upon, presented to, and filed with Defendant ORANGE COUNTY, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e)**.**

94.     Defendant ORANGE COUNTY has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

95.     Defendant ORANGE COUNTY demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on April 5, 2023.

96.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

97.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

98.     This action falls within one or more of the exceptions outlined in C.P.L.R. § 1602.

26

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>VIOLATIONS OF THE NEW YORK STATE CONSTITUTION</u>
### *(As to All Defendants)*

99.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

100.    Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 5, 6, and 11, and including the following rights:

        a.    freedom from cruel and unusual punishment; and

        b.    freedom from deprivation without due process of law.

101.    As a direct and proximate result of All Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered the injuries and damages set forth above.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>NEGLIGENCE/GROSS NEGLIGENCE/RECKLESSNESS</u>
### *(As to All Defendants)*

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

103.    On December 1, 2022, the Plaintiff was within the custody and control of the Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY and/or their agents, servants, and/or employees.

104.    Defendant ORANGE COUNTY, through its employees, agents, and/or representatives, to wit the DOC Defendants and/or Defendants WELLPATH and/or WELLPATH NY, through its employees, agents, and/or representatives, to wit the Medical Defendants committed the foregoing acts.

105.    Defendants did not take any meaningful steps to prevent the foregoing from occurring.

106.    At all times herein the DOC Defendants and/or the Medical Defendants were acting in the scope of their employment for Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY.

107.    Defendants were negligent, grossly negligent, reckless, and/or careless when they committed the foregoing acts which caused Plaintiff injuries.

108.    Defendants were negligent, grossly negligent, reckless, and/or careless in that Defendants failed to take steps to avoid the occurrence; and were otherwise negligent, grossly negligent, careless, and reckless; and, when they failed to prevent the foregoing acts from occurring.

109.    Defendants had a duty of care in their interactions with Plaintiff as a person in their custody.

110.    Defendants violated their duty of care, which was a direct and proximate cause in bringing about the Plaintiff's severe injuries and conscious pain and suffering.

111.    The foregoing December 1, 2022, incident and the resulting injuries to Plaintiff were caused solely and as a direct and proximate cause of the carelessness, negligence, gross negligence, and/or recklessness on the part of Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, their servants, agents, employees, and/or licensees, and without any negligence on the part of the Plaintiff contributing thereto. Specifically, the DOC Defendants had a duty to protect Plaintiff from being assaulted by other inmates as a result of their status as corrections officers, breached said duty by failing to intervene when Plaintiff was assaulted by Inmate Thomas, and this failure was objectively unreasonable. Further, the Medical

Defendants had a duty to provide adequate and timely treatment to Plaintiff, as a result of their status as jail medical personnel, breached said duty by failing to provide said adequate and timely treatment after Plaintiff was assaulted, and this failure was objectively unreasonable.

112.    Defendants, jointly and severally, negligently caused injuries by violating their duties to Plaintiff, including emotional distress and damage to Plaintiff. The acts and omissions of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

113.    As a direct and proximate result of the foregoing, Plaintiff, sustained, *inter alia*, specific and serious bodily injury, emotional distress/psychological and emotional injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, conscious pain and suffering, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>NEGLIGENTLY FAILING TO PROTECT</u>
#### <u>*(As to Defendants Orange County and the Individually Named Corrections Officers)*</u>

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

115.    The DOC Defendants have a legal duty to Plaintiff as a person detained in their care and custody to provide for the protection of inmates. The DOC Defendants breached that duty in negligently operating and managing the facilities by the above-described acts.

116.    As a result of the negligence of the DOC Defendants, its agents, servants, and employees, as aforesaid, Plaintiff has suffered extreme emotional harm and serious physical injuries.

117.    As a result of the foregoing, Plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### *(As to Defendants Orange County and the Individually Named Corrections Officers)*

118.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

119.    The aforementioned conduct was extreme and outrageous and exceeded all reasonable bounds of decency.

120.    The aforementioned conduct was committed by the DOC Defendants while acting within the scope of their employment by Defendant ORANGE COUNTY.

121.    The aforementioned conduct was committed by the DOC Defendants while acting in furtherance of their employment by Defendant ORANGE COUNTY.

122.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

123.    As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### *(As to Defendants Orange County and the Individually Named Corrections Officers)*

95.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

96.     Defendant ORANGE COUNTY via DOC and/or the DOC Defendants owed a duty to maintain Plaintiff's safety and well-being.

97.     Defendant ORANGE COUNTY via DOC and/or the DOC Defendants breached that duty by failing to protect him and endangering his physical safety.

98.     The aforementioned conduct was extreme and outrageous and exceeded all reasonable bounds of decency.

99.     Defendant ORANGE COUNTY via DOC and/or the DOC Defendants' breach was the direct and/or proximate cause of Plaintiff's injury.

100.    As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, and fright.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
### *(As to Defendants Orange County, Wellpath, and Wellpath NY)*

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

102.    Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY negligently hired, screened, retained, supervised, and trained all of the individual Defendants named herein. The acts and conduct of the individual Defendants herein were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

103.    Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY were negligent and careless when they selected, hired, trained, retained, assigned, and supervised all

members of the DOC and/or WELLPATH/WELLPATH NY employees/agents, including the Defendants individually named above.

104.    Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY selected, hired, trained, retained, assigned, and supervised all members of the DOC and/or WELLPATH/WELLPATH NY employees/agents, including the Defendants individually named above.

105.    Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY were negligent and careless when they selected, hired, trained, retained, assigned, and supervised all members of the DOC and/or WELLPATH/WELLPATH NY employees/agents including the Defendants individually named above.

106.    In addition, Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY were negligent in hiring and supervising medical personnel at Orange County Jail, who were careless, unskillful, and negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community, including the Medical Defendants named above.

107.    As a direct and proximate result of the foregoing negligence of the Defendants as set forth above, Plaintiff, sustained, *inter alia*, serious physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, and conscious pain and suffering, and is entitled to compensatory damages and is further entitled to punitive damages against the Individual Defendants.

108.    As a result of the foregoing, Plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**DENIAL OR DELAY OF MEDICAL CARE AND/OR MEDICATION**
*(As to Defendants Orange County, Wellpath, Wellpath NY, and the Medical Defendants)*

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

110.    Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants denied and/or delayed providing Plaintiff reasonable, good-faith medical attention while he was in the custody of the Orange County Jail.

111.    As a result, Plaintiff suffered the injuries described above.

112.    Defendants' conduct violated New York State Civil Rights Law § 28.

**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S WELFARE & SAFETY**
*(As to Defendants Orange County and the Individually Named Corrections Officers)*

113.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

114.    Defendant ORANGE COUNTY via DOC and/or the DOC Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard for Plaintiff's rights failed or refused to do so.

115.    By their deliberate indifference to Plaintiff's welfare and safety, Defendant ORANGE COUNTY via DOC and/or the DOC Defendants deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the State of New York, pursuant to the New York State Constitution, common law, and statutes.

116.    The DOC Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment with the DOC/Defendant ORANGE COUNTY.

117.    The DOC Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights.

118.    As a proximate cause of the acts of Defendant ORANGE COUNTY via DOC and the DOC Defendants, Plaintiff suffered *inter alia*, physical injury, medical expenses, and severe mental and emotional anguish in connection with the deprivation of his aforementioned constitutional and statutory rights.

**NINTH CLAIM FOR RELIEF FOR RELIEF UNDER N.Y. STATE LAW**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS**
***(As to Defendants Orange County, Wellpath, Wellpath NY, and the Medical Defendants)***

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

120.    Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants knew that Plaintiff had sustained a severe and serious injury, which required immediate and adequate medical treatment.

121.    Notwithstanding    this    knowledge,    Defendants    ORANGE    COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants refused to provide adequate medical treatment in a timely fashion and refused to ensure that Plaintiff received the proper treatment.

122.    In so doing, Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants exhibited a deliberate indifference to the health, safety, welfare,

and medical needs of Plaintiff, in violation of his constitutional rights pursuant to the New York State Constitution, common law, and statutes.

123.   As a proximate cause of the acts of Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants, Plaintiff suffered *inter alia*, physical injury, permanent disfigurement, medical expenses, and severe mental and emotional anguish in connection with the deprivation of his aforementioned constitutional and statutory rights.

### TENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MEDICAL MALPRACTICE
### *(As to Defendants Orange County, Wellpath, Wellpath NY, and the Medical Defendants)*

124.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

125.   Defendants ORANGE COUNTY, WELLPATH, and/or WELLPATH NY, via the Medical Defendants rendered medical care and treatment (and/or should have rendered said care) to Plaintiff on or about December 1, 2022 (and in the days that followed).

126.   Defendants ORANGE COUNTY, WELLPATH, WELLPATH NY, and/or the Medical Defendants, their agents, servants, and/or employees were careless, negligent, and reckless and departed from good and accepted standards of medical practice in the care and treatment rendered to Plaintiff, including the failure to diagnose and/or failure to treat Plaintiff's severe burns.

127.   Specifically, as previously stated, when Plaintiff arrived at the Orange County Jail's medical clinic, he was seen by Defendant AKAMNONU, M.D. and WELLPATH EMPLOYEES/AGENTS "JOHN DOE" #1-20, who provided extremely minimal treatment for his injuries. In addition, Plaintiff was not immediately transported to a nearby emergency

35

room/hospital for further evaluation of his serious injuries. Rather, approximately thirty (30) minutes after Plaintiff arrived at the clinic, Defendant AKAMNONU, M.D. cleared Plaintiff to return to his housing unit, and corrections officers escorted Plaintiff from the medical clinic back to his housing unit.

128.    However, after this violent assault, Plaintiff needed more than just minimal medical attention, rather, Plaintiff required immediate medical attention from an emergency room and/or hospital, but was not immediately given same and/or received minimal and/or inadequate medical attention, in that Defendant ORANGE COUNTY's jail's medical provider and agent of the facility, Defendants ORANGE COUNTY, WELLPATH and/or WELLPATH NY, via their employees and/or agents Defendant AKAMNONU, M.D. and WELLPATH EMPLOYEES/AGENTS "JOHN DOE" #1-20, failed to provide Plaintiff with proper, adequate, and/or timely medical attention and/or failed to adequately diagnose and treat Plaintiff's severe injuries.

129.    As such, Plaintiff's condition worsened without treatment while in the custody of ORANGE COUNTY/DOC, which caused him, upon information and belief, tremendous pain, discomfort, and emotional distress.

130.    In failing to properly diagnose Plaintiff's injuries, the aforementioned Defendants' employees/agents deviated from the accepted standards of medical care and Plaintiff suffered substantial harm as a result.

131.    As a result of the foregoing, Plaintiff, sustained, *inter alia*, additional serious injuries and/or exacerbation of the initial serious injuries (burns), pain, suffering, permanent scarring, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of constitutional rights, and is entitled to compensatory damages.

132.    The aforesaid serious injuries were caused by the carelessness, recklessness, negligence, and/or gross negligence of the referenced Defendants, including, the Medical Defendants, their agents, servants, and/or employees.

133.    The amount of damages sought herein exceeds the jurisdictional limits of all lower courts that would otherwise have had jurisdiction.

**ELEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**BREACH OF FIDUCIARY DUTY**
***(As to All Defendants)***

134.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

135.    New York State law requires ORANGE COUNTY (via DOC), WELLPATH, and/or WELLPATH NY to provide for the care and custody of inmates under their control and supervision.

136.    There exists a fiduciary relationship of trust, confidence, and reliance between Plaintiff and Defendants. This relationship is based on the entrustment of the Plaintiff while he was under the care and supervision of the Defendants. This obligated Defendants to assume a fiduciary relationship and to act in the best interests of the Plaintiff and to protect him from harm.

137.    Pursuant to its fiduciary relationship, Defendants were entrusted with the well-being, care, and safety of Plaintiff.

138.    The Defendants breached their fiduciary duties to Plaintiff by reason of the foregoing acts and/or omissions described in detail *supra*.

139.    At all times material hereto, Defendants were willful, wanton, malicious, reckless, negligent, and outrageous in their disregard for the rights and safety of Plaintiff.

140.    As a direct result of said conduct, Plaintiff has suffered the injuries and damages described herein.

141.    By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages and punitive damages, together with interest and costs.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

    i.  an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated: New York, New York
       July 10, 2023

BY: _____
ILYSSA FUCHS
JOSHUA FITCH
GERALD COHEN
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 900
New York, N.Y. 10279
(212) 374-9115
ifuchs@cohenfitch.com
jfitch@cohenfitch.com
gcohen@cohenfitch.com