# BARCLAY DAMON LLP

**Paul A. Sanders**
*Partner*

September 14, 2023

<u>**VIA CM/ECF**</u>
<u>**VIA ELECTRONIC & REGULAR MAIL**</u>
Ilyssa S. Fuchs, Esq.
Cohen & Fitch, LLP
The Woolworth Building
233 Broadway, Suite 900
New York, New York 10279

  Re: <u>Montgomery v. Orange County, et al.</u>
     Civil Action No.: 7:23-cv-5865-KMK
     Our File No.: 3203055

Dear Ms. Fuchs:

  We represent defendants, WELLPATH LLC (formerly known as Correct Care Solutions Medical Services PC), WELLPATH NY LLC (collectively "Wellpath") and OLISAEMEKA AKAMNONU, M.D. ("Dr. Akamnonu") (Wellpath and Dr. Akamnonu collectively referred to as "Medical Defendants"). Per Hon. Kenneth M. Karas's Individual Practices in Civil Cases, we respectfully request a conference to address leave to file a motion to dismiss the Verified Complaint of Plaintiff, ISIAH MONTGOMERY ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

  At best, this case involves a simple failure to protect claim arising out of an inmate altercation with an added, and unsupported, medical malpractice claim. Notwithstanding, Plaintiff filed a 38 page complaint with well over a 160 paragraphs and *sixteen* separate causes of action, virtually all of which are duplicative, do not constitute viable independent causes of action, and/or are frivolous. The Complaint contains the following causes of action (**bold** denotes a claim against Medical Defendants):

**<u>Federal Claims</u>**[1]

1. **42 U.S.C. § 1983 (generic) against all defendants (pp. 17–18)**;
2. **42 U.S.C. § 1983 deliberate indifference to medical needs against Medical Defendants (pp. 18–19)**;
3. 42 U.S.C. § 1983 deliberate indifference to welfare and safety against Orange County and Correctional Officers ("Orange County defendants") (pp. 19–20);

---

[1] Due to paragraph numbering errors in the Complaint, references to the causes of action will be in the form of page numbers rather than paragraph numbers.

2000 Five Star Bank Plaza - 100 Chestnut Street - Rochester, New York 14604  barclaydamon.com
PSanders@barclaydamon.com  Direct: (585) 295-4426  Fax: (585) 295-8422

26704419.1

Ilyssa S. Fuchs, Esq.
September 14, 2023
Page 2

4. 42 U.S.C. § 1983 substantive due process against Orange County defendants (pp. 21–22);
5. **_Monell_ claim against Orange County and Wellpath (pp. 22–26)**;

**New York State Claims**

1. **New York State Constitutional Violations against all defendants (p. 27)**;
2. **Negligence, gross negligence, and/or recklessness against all defendants (pp. 27–29)**;
3. Failure to protect against Orange County defendants (pp. 29–30);
4. Intentional infliction of emotional distress against Orange County defendants (p. 30);
5. Negligent infliction of emotional distress against Orange County defendants (pp. 30–31);
6. **Negligent hiring, supervision, and retention against Orange County and Wellpath (pp. 31–32)**;
7. **Denial or delay of medical care and/or medication against Orange County and Medical Defendants (p. 33)**;
8. Deliberate indifference to welfare and safety against Orange County defendants (pp. 33–34);
9. **Deliberate indifference to medical needs against Medical Defendants (pp. 34–35)**;
10. **Medical malpractice against Medical Defendants (pp. 35–37)**;
11. **Breach of fiduciary duty against all defendants (pp. 37–38)**;

The facts alleged concerning medical treatment do not establish medical malpractice, let alone deliberate indifference. Substantially all of the medical allegations (starting at Complaint ¶54) are conclusory and properly disregarded. The only specific fact alleged is that Plaintiff was seen (apparently immediately after the altercation) by Dr. Akamnonu, who provided medical treatment for approximately 30 minutes (Complaint ¶¶ 55–56). The treatment is described in a vague, ambiguous manner as "extremely minimal" without a description of what treatment was rendered. Plaintiff admits that due to the worsening condition of his wounds the next morning, he was transported to an outside hospital emergency department (Complaint ¶¶ 58–59). These are the only non-conclusory medical facts alleged.[2]

---

[2] Importantly, Plaintiff admitted, in sworn General Municipal Law Art. 50-h examination testimony, the nature of the specific, appropriate medical care he received – which is at odds with the conclusory allegations in the Complaint. Plaintiff testified that immediately after the incident, jail doctors and nurses came to his aid and applied bacitracin and bandages to his wounds. He further testified that the next morning, he was transported to the hospital emergency department where physicians administered the exact same treatment – application of bacitracin and bandaging to his wounds. Plaintiff also testified to frequent and diligent treatment administered by jail medical staff subsequent to his hospitalization and for the duration of his incarceration (approximately two weeks). The Complaint does not criticize the hospital care (which was identical to the jail care), nor does it criticize the post-hospital care rendered by jail medical staff.

26704419.1

Ilyssa S. Fuchs, Esq.
September 14, 2023
Page 3

# **FEDERAL CLAIMS**

### I.   THE FIRST, SECOND AND FIFTH FEDERAL CAUSES OF ACTION (*MONELL*) AGAINST WELLPATH MUST BE DISMISSED

Preliminarily, the First and Second Causes of Action, to the extent directed to Wellpath, are duplicative of the Fifth Cause of Action for *Monell* (the only federal claim potentially viable against an entity such as Wellpath). The *Monell* claim must be dismissed due to the failure to allege an underlying constitutional violation in the first instance. *See Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Regardless, as explained below, Plaintiff fails to allege a formal policy or a persistent widespread custom or practice resulting in a constitutional deprivation, sufficient to state a *Monell* claim.

To prevail on a Section 1983 claim against a municipality/entity, a plaintiff must prove: 1) actions taken under color of law; 2) deprivation of a constitutional or statutory right; 3) causation; 4) damages; and 5) that an official policy of the municipality caused the constitutional injury." *Dellutri v. Elmsford*, 895 F.Supp.2d 555 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). "[T]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* Conclusory allegations of municipal customs/practices are insufficient to state a *Monell* claim.

The allegations intended to satisfy *Monell* are wholly conclusory. At best, Plaintiff asserts a policy or custom of vague, generalized inadequate medical care, which is insufficient to state a claim as a matter of law. *McClean v. County of Westchester*, 2018 U.S. Dist. LEXIS 204269, *61 (S.D.N.Y. Dec. 3, 2018) (dismissing *Monell* claims where Plaintiff offered "only conclusory allegations" of customs and practices that purportedly amounted to "deliberate indifference," and provided "no facts to plausibly support this conclusion")

Further, it is well settled that Plaintiff's references to a hearsay/unsubstantiated CNN report and "complaint" by Catholic Charities Community Services, with no nexus whatsoever to the factual allegations (as opposed to widespread *similar* incidents resulting in adjudicated constitutional violations), are irrelevant and insufficient to state a *Monell* claim (Complaint, ¶ 72 n. 2, 73). This Court has repeatedly rejected attempts rely upon such reports to state a *Monell* claim. *See e.g. Eisenberg v. County of Westchester*, No. 21-CV-4507 (VB), 2022 U.S. Dist. LEXIS 45021, at *11–12 (S.D.N.Y. Mar. 14, 2022); *Meisel v. Westchester County*, No. 18-cv-7202 (CS), 2020 U.S. Dist. LEXIS 111581, at *19 (S.D.N.Y. June 25, 2020); *Melvin v. County of Westchester*, No. 14-cv-2995 (KMK), 2016 U.S. Dist. LEXIS 41120, at *51–52 (S.D.N.Y. Mar. 29, 2016). Indeed, far more comprehensive allegations relying upon news reports and other incidents, lacking a nexus to the alleged facts, have been rejected by the Second Circuit Court of Appeals. *Iacovangelo v. Corr. Med. Care, Inc.*, 2014 U.S. Dist. LEXIS 140679, at *50-51 (W.D.N.Y. Oct. 2, 2014), aff'd in part, vacated in part, remanded, 624 F. Appx. 10 (2d Cir. 2015).

In sum, in addition to failing to allege underlying deliberate indifference, Plaintiff's *Monell* allegations are conclusory and lack any factual nexus to the care allegedly rendered in this case (i.e., first aid burn wound care followed by hospitalization). Plaintiff fails to identify any similar

incidents involving similarly-situated inmates that amount to widespread deprivations, and it is well settled that a single alleged incident is insufficient to satisfy *Monell*. *Barrett v. Newburgh*, 2014 U.S. Dist. LEXIS 36841, *7 (S.D.N.Y. Mar. 18, 2014) ("proof of a 'single incident' alleged in the complaint" is not sufficient to establish a municipal policy). The *Monell* claim is properly dismissed as to the Medical Defendants.

## II. THE FIRST, SECOND AND FIFTH FEDERAL CAUSES OF ACTION (*DELIBERATE INDIFFERENCE*) AGAINST DR. AKAMNONU MUST BE DISMISSED

As an individual medical provider, the only potentially viable federal claim against Dr. Akamnonu is 42 U.S.C. § 1983 deliberate indifference to a serious medical need (not *Monell*). To state such a claim, a plaintiff "must prove that [a] defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

Plaintiff alleges that after the altercation, he was seen by Dr. Akamnonu for a half an hour wherein Dr. Akamnonu "provided extremely minimal treatment for his injuries."[3] (Complaint, ¶ 55). Plaintiff does not state what specific treatment he received, or should have received, only that he did receive treatment and that he was thereafter hospitalized due to the worsening condition of his wounds.

These allegations do not, by any stretch, establish the culpability required to state a deliberate indifference claim against an individual defendant. Plaintiff does not allege medical malpractice, let alone intentional or reckless conduct required to state a claim.

## STATE LAW CLAIMS

## III. THE FIRST STATE CAUSE OF ACTION FOR VIOLATIONS OF THE NEW YORK STATE CONSTITUTION, ARTICLE 1, §§ 1, 5, 6, AND 11, MUST BE DISMISSED

The New York State Constitution "provides a private right of action where remedies are otherwise unavailable at common law or under § 1983." *Rich v. New York*, 2022 U.S. Dist. LEXIS 60779, *10–11 (S.D.N.Y. March 31, 2022) (quoting *Allen v. Antal*, 665 F. App'x 9, 13 (2d Cir. 2016)). Where, as here, alternative remedies are available under the federal civil rights statutes, including 42 U.S.C. § 1983, courts must dismiss the plaintiff's state constitutional claims. *Id.* Because 42 U.S.C. § 1983 provides a remedy for all of Plaintiff's alleged federal constitutional violations, any analogous state constitutional claims are duplicative and must be dismissed.

---

[3] Again at Plaintiff's 50-h examination, he testified that medical staff immediately applied bacitracin and bandages to his wounds, the same care he received when hospitalized the next morning (which he does not criticize).

## IV. THE NUMEROUS FEDERAL AND STATE CAUSES OF ACTION FOR NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION MUST BE DISMISSED[4]

To the extent Plaintiff seeks to allege 42 U.S.C. § 1983 supervisory liability, hiring/retention, and failure to train claims, they must be dismissed as duplicative of the *Monell* claim. *See Colon v. City of Rochester*, 419 F. Supp. 3d 586, 609 (W.D.N.Y. 2019) ("To the extent that this claim is asserted against the City, it is duplicative of plaintiffs' *Monell* claim. It is based on an alleged failure to train, supervise, and discipline RPD officers. Though there may be a distinction between the City's alleged past failures in that regard, leading up to this incident, and the City's alleged failure to remedy this violation or to discipline the officers involved, all of plaintiffs' claims against the City are subsumed in their *Monell* claims. Plaintiffs' supervisory-liability claim against the City is therefore dismissed.").

Regardless, Plaintiff fails to identify any specific training program, supervisory policy or similar procedure, and fails to specify any associated deficiencies, which is required to state a *Monell* claim predicated upon failure to train/supervise. *See White v. Westchester County*, 2018 U.S. Dist. LEXIS 215153, *35 (S.D.N.Y. Dec. 21, 2018) (dismissing *Monell* claim because "Plaintiff does not point to the existence of any formal or informal training program. Nor does Plaintiff explain with any specificity how the training program provided to prison medical staff was deficient."); *Vail v. City of New York*, 68 F. Supp. 3d 412, 431 (S.D.N.Y. 2014) ("because Plaintiff provides no additional detail beyond the general assertion that [the municipal Defendants] failed to train [their] employees, his allegation is insufficient to state a claim"); *Santos v. New York City*, 847 F. Supp. 2d 573, 577 (S.D.N.Y. 2012) ("Because the existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory assertions of the plaintiff, [the plaintiff's] claims against the [c]ity are dismissed with prejudice.").

To the extent Plaintiff intends to assert state law negligent training/hiring/supervising claims, they too must be dismissed. To state such a claim under New York law, the Plaintiff must allege that the "employer knew or should have known of the employee's propensity for the conduct which caused the injury." *Bumpus v. New York City Tr. Auth.*, 47 A.D.3d 653, 654 (2d Dep't 2008). The Complaint is wholly conclusory and does not even attempt to allege facts to state such claim.

## V. THE TENTH STATE CAUSE OF ACTION FOR *MEDICAL MALPRACTICE* MUST BE DISMISSED

To avoid dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The essential elements of a medical malpractice claim are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury." *Mendoza v.*

---

[4] Arguably, the 1st-2nd, 4th-5th, 8th-11th and 13th-15th causes of action incorporate failure to train, negligent hiring, supervisory liability.

Ilyssa S. Fuchs, Esq.
September 14, 2023
Page 6

*Maimonidas Med. Ctr.*, 203 A.D.3d 715, 716 (2d Dept. 2022) (quoting *Hayden v, Gordon*, 91 A.D.3d 819, 820 (2d Dept. 2012) (internal citations omitted)).

The Complaint asserts, in an impermissibly conclusory fashion, that Dr. Akamnonu deviated from accepted standards of medical conduct by "provid[ing] extremely minimal treatment for his injuries." (Complaint, ¶ 149, incorrectly numbered under the Tenth Cause of Action as ¶ 127.) Again, Plaintiff does not explain what treatment was rendered and how it was deficient; further, Plaintiff acknowledges he was sent to the hospital Emergency Department, apparently the very next morning.[5] The factual allegations in the Complaint are thus facially insufficient to sustain a claim for medical malpractice.[6]

### VI. THE SECOND, SEVENTH, AND ELEVENTH STATE CAUSES OF ACTION FOR GROSS NEGLIGENCE, RECKLESSNESS AND BREACH OF FIDUCIARY DUTY CLAIMS ARE DUPLICATIVE OF THE MALPRACTICE CAUSE OF ACTION

Causes of action for negligence and breach of fiduciary duty are duplicative of professional malpractice causes of action where they are based on the same factual allegations and seek similar damages. *See Delphi Healthcare PLLC v. Petrella Phillips LLP*, 158 A.D.3d 1329, 1330 (4th Dept. 2018) (citing *Board of Trustees of IBEW Local 43 Elec. Contrs. Health & Welfare, Annuity & Pension Funds v D'Arcangelo & Co., LLP*, 124 A.D.3d 1358, 1360 (4th Dept. 2015)) (other internal citations omitted). Further, gross negligence contemplates "conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *Colnaghi, U.S.A. v. Jewelers Protection Servs.*, 81 N.Y.2d 821, 823-824, (1993). Gross negligence claims are properly dismissed if duplicative of other causes of action arising from the same facts. *See Gale v. Animal Med. Ctr.*, 108 A.D.3d 497, 498-499 (2d Dep't 2013) (holding, that because "the gross negligence cause of action arose from the same facts as the veterinary malpractice and fraud causes of action, the gross negligence cause of action is duplicative and, thus, cannot be sustained").

In addition to failing to state a claim with facts that satisfy the elements of each theory of liability, the gross negligence, recklessness, and breach of fiduciary duty causes of action share the same set of underlying facts and seek the same damages as the malpractice cause of action. Consequently, they are properly dismissed.

---

[5] The Complaint is vague as to the timing of the hospitalization, but Plaintiff admitted in his sworn 50-h testimony that he was hospitalized the morning after the incident.

[6] The medical malpractice claim is also subject to dismissal due to Plaintiff's failure to include a Certificate of Merit, in violation of NY CPLR § 3012-a.

Ilyssa S. Fuchs, Esq.
September 14, 2023
Page 7

## **CONCLUSION**

In light of the above, we request that the Court schedule a pre-motion conference, or, alternatively, dispense with a conference and grant the Medical Defendants leave to file a FRCP Rule 12(b)(6) motion to dismiss.

Respectfully submitted,

Paul A. Sanders

cc: Hon. Kenneth M. Karas
United States District Court Judge (via CM/ECF)

26704419.1